IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE HARRIS and CHARLAN ROLLER, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY; and TONY BRUMMITT INSURANCE AGENCY, INC., <br><br> Defendants. | Case No. CIV-24-149-D |

## ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 13]. Defendant State Farm Fire and Casualty Company (State Farm) has filed a response [Doc. No. 14], to which Plaintiffs replied [Doc. No. 15]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs inherited their home from Plaintiff Roller's mother in 2020, and they moved into the home in 2021. Initially, the home was insured with a different insurance carrier. In late 2022, Plaintiffs sought to switch the insurance coverage to State Farm. When Plaintiffs called their insurance agency, Defendant Tony Brummitt Insurance Agency, Inc. (Brummitt), and inquired about insuring the home with State Farm, Plaintiffs allege that they: 1) informed Brummitt that they were unaware of the age or condition of the roof; and 2) requested that Brummitt confirm the insurability of the home. In their state-court petition, Plaintiffs allege that Brummitt performed an inspection of the home and represented to Plaintiffs that the roof was in good condition and free of any existing damage

1

[Doc. No. 1-1, at 6]. Plaintiffs further allege that Brummitt represented that if the roof suffered hail damage, it would be covered for full replacement cost. *Id.* Brummitt denies ever performing an inspection or making the foregoing representations to Plaintiffs.

After a storm occurred in April of 2023, Plaintiffs submitted a hail-damage claim to State Farm. After inspection, State Farm determined that most of the storm-related damage to Plaintiffs' home occurred before the term of the policy and denied that portion of Plaintiffs' claim.

Plaintiffs filed their action in state court on December 7, 2023. In addition to their claims against State Farm, Plaintiffs asserted claims against Brummitt for constructive fraud and negligent procurement of insurance. State Farm removed the case to this Court on February 7, 2024. In its notice of removal, State Farm alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction [Doc. No. 1]. Although Brummitt is a non-diverse party, State Farm contends that Brummitt was fraudulently joined by Plaintiffs to defeat diversity jurisdiction.

On March 11, 2024, Plaintiffs filed the present motion to remand, arguing that State Farm has failed to meet its "heavy burden" to show fraudulent joinder.

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d

2

980, 988 (10th Cir. 2013) (internal quotation omitted). State Farm relies solely on the second basis. As the removing party, State Farm must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," State Farm must show that there is no possibility that Plaintiffs would be able to establish a cause of action against Brummitt in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

3

## DISCUSSION

State Farm asserts that Brummitt was fraudulently joined because Plaintiffs cannot state claims of constructive fraud/negligent misrepresentation or negligent procurement of insurance against Brummitt. Under Oklahoma law, constructive fraud is defined as "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice…." Okla. Stat. tit. 15, § 59. For negligent procurement claims, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 744-45 (Okla. 2008) (citation omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds…." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. 2003).

Plaintiffs have alleged that they informed Brummitt they were unaware of the age or condition of the roof of the home they inherited; specifically disclosed their need for roof coverage from wind and hail damage; and advised they wanted to be sure the roof was in good, insurable condition. Thereafter, Plaintiffs allege that their roof was inspected; that Brummitt represented to Plaintiffs that the roof had been inspected; and that Brummitt represented that the roof was free from any preexisting damage. However, after filing their hail-damage claim, State Farm denied Plaintiffs' claim based on preexisting damage to the roof.

Upon careful consideration of the record, the Court finds that State Farm has not met its "heavy burden" to show – with complete certainty – that Brummitt cannot be liable to Plaintiffs under either theory of recovery. *See Ross v. State Farm Fire & Cas. Co.*, No. CIV-23-189-JD, 2024 WL 1092540, at *2-3 (W.D. Okla. Mar. 13, 2024) (remanding case involving negligent procurement claim where the insurance agent allegedly told the insured that their home was in good condition, without preexisting issues, despite State Farm later denying the insured's claim on that basis); *see also S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, No. CIV-21-179-PRW, 2022 WL 17831395, at *2 (W.D. Okla. Dec. 21, 2022) (remanding constructive fraud claim to state court where the plaintiffs alleged their agent "chose to speak about the lack of preexisting issues with Plaintiffs' property and that those statements were later determined not to be truthful."). State Farm has submitted a declaration from Tony Brummitt, denying many of Plaintiffs' allegations [Doc. No. 1-13]. However, when compared to Plaintiffs' allegations and Plaintiff Harris's declaration [Doc. No. 15-1], the Brummitt declaration merely creates a fact issue as to what representations, if any, were made to Plaintiffs by Brummitt. Construing this fact issue in favor of Plaintiffs, the Court finds that State Farm has not established fraudulent joinder, and this Court lacks subject-matter jurisdiction.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Remand [Doc. No. 13] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorney's fees, costs,

and expenses incurred as a result of the removal and remand. Based on the remand, the Court does not decide Brummitt's Motion to Dismiss [Doc. No. 7] and leaves that motion for the state court.

**IT IS SO ORDERED** this 3rd day of May, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge